UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG CANYON VILLA APARTMENTS BSR, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAFAEL AVILA,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:17-CV-1221-CAB-JLB<br><br>**ORDER OF REMAND TO STATE COURT**<br><br>[Doc. No. 2] |

On April 18, 2017, MG Canyon Villa Apartments BSR, LLC filed a complaint for unlawful detainer against Defendant Rafael Avila in San Diego County Superior Court. [Doc. No. 1 at 6.] On June 16, 2017, Avila, proceeding *pro se*, removed the action to this court [Doc. No. 1], and filed an application to proceed *in forma pauperis* ("IFP") [Doc. No. 2. After reviewing the application, the notice of removal and the underlying complaint, the Court finds that the Court lacks subject matter jurisdiction over this case. Accordingly, the motion to proceed IFP is **DENIED AS MOOT,** and the Court **REMANDS** this action to state court.

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243
1

(9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). The Court may remand *sua sponte* or on motion of a party. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). "The defendant bears the burden of establishing that removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. In the notice of removal, Avila argues only that this Court has federal-question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Here, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*, No. 15-CV-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's

unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat*, No. 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court.") (quotations omitted). Accordingly, the face of the complaint does not present a federal question justifying removal.

Avila argues that federal question jurisdiction exists because the demurrer he filed in state court depended on the determination of his rights and Plaintiff's duties under federal law. The notice of removal does not specify what specific federal laws are implicated, but regardless, "a case may not be removed to federal court on the basis of a federal defense. . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Thus, "Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense or a counterclaim under the federal constitution or other body of federal law." *Colfin A1-CA4 LLC v. Clark*, No. EDCV 13-1162-CAS SPX, 2013 WL 3967656, at *1 (C.D. Cal. Aug. 1, 2013).

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and therefore **REMANDS** the case to San Diego County Superior Court.

It is **SO ORDERED**.

Dated: June 16, 2017

Hon. Cathy Ann Bencivengo
United States District Judge